

ENTERED
CLERK, U.S. DISTRICT COURT

AUG - 3 1999

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHEREE SMITH,

        Plaintiff,

    v.

SOBOBA CASINO, SOBOBA BAND OF
MISSION INDIANS, AND DOES 1
THROUGH 20, INCLUSIVE,

        Defendants.

Case No. CV 99-02797 CM (RNBX)

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION

    On June 28, Defendants Soboba Casino and Soboba Band of
Mission Indians ("Defendants") filed a motion to dismiss the
complaint filed by Plaintiff Sheree Smith ("Plaintiff") for lack
of subject matter jurisdiction, or, in the alternative, for
failure to state a claim upon which relief can be granted.  Fed.
R. Civ. P. 12(b)(1) and (6).

    The Court deems Plaintiff's failure to file timely
opposition to Defendants' motion to dismiss to constitute consent
to the granting of Defendants' motion.  See Local Rule 7.9.[1]

    Local Rule 7.9 provides:

DOCKETED

FILED COPY PTYS

FILED NOTICE PTYS

JS-6

JUL 3 = 1999

1  Nonetheless, even upon review of Plaintiff's complaint, the Court

2  finds that both federal question and diversity jurisdiction is

3  lacking. 28 U.S.C. §§ 1331 and 1332. First, "federal question

4  jurisdiction does not exist merely because an Indian tribe is a

5  party." <u>Stock West, Inc. v. Confederated Tribes of the Colville</u>

6  <u>Reservation</u>, 873 F.2d 1221, 1226 (9th Cir. 1989). This

7  negligence action arises from the slip and fall of Plaintiff on

8  Defendants property and does not implicate federal question

9  jurisdiction. Second, because Defendants are located in San

10 Jacinto, California, they are citizens of California for

11 diversity purposes. <u>Id.</u> ("an Indian corporation is a citizen of

12 the state in whose borders the reservation is located"). Thus,

13 complete diversity does not exist if Plaintiff is also a

14 California citizen, a fact she does not plead.

15      Because Plaintiff has not met her burden of establishing

16 that jurisdiction is properly laid in federal court, the Court

17 dismisses the complaint without prejudice. <u>See, e.g.</u>, <u>Lew v.</u>

18 <u>Moss</u>, 797 F.2d 747, 749 (9th Cir. 1986)("party asserting

19 diversity jurisdiction bears the burden of proof").

20      IT IS SO ORDERED.

21 DATED: August 2, 1999

22                                    _____
                                         Carlos R. Moreno
23                                       United States District Judge

24

25      Papers not timely filed by a party including any memoranda
        or other papers required to be filed under this rule will
26      not be considered and may be deemed by the Court consent to
        the granting or denial of the motion, as the case may be.
27

28 Local Rule 7.9.